# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERRY MARTENEY, Derivatively on Behalf of Nominal Defendant CHINA-BIOTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SONG JINAN, CHIN JI WEI, DU WEN MIN, and SIMON YICK, <br><br> Defendants, <br><br> and <br><br> CHINA-BIOTICS, INC., <br><br> Nominal Defendant. | **Civil Action No. 10-01983-JEB** |

## **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

On April 12, 2011, the Court directed plaintiff, Jerry Marteney, ("Plaintiff" or "Marteney") to show cause why this case should not be dismissed pursuant to Federal Rules of Civil Procedure 4, subsections (m) and (l), without prejudice, for failure to serve defendants with a summons and a copy of the Complaint. *See* Order to Show Cause (ECF No. 4). Plaintiff respectfully submits that this matter should not be dismissed because the yet to be served defendants, Song Jinan, Chin Ji Wei, Du Wen Min, and Simon Yick (the "Individual Defendants") are residents of a foreign country, and therefore the 120 day timeframe of Rule 4(m) does not apply; and as a matter of logistics, proper service of the summons and a copy of the Complaint within 120 days on the Individual Defendants, given their international location,

would be impossible.  Moreover, Plaintiff has diligently commenced service on the Individual Defendants pursuant to the *Hague Convention*, as required by Rule 4(f).

## RULE 4(m) DOES NOT APPLY WHEN SERVING A COMPLAINT IN A FOREIGN COUNTRY

Plaintiff concedes that under Rule 4(l) he is responsible for proving service of the Complaint to the Court.  However, the general 120 day timeframe for which to do so articulated in Rule 4(m) is not applicable.  Rule 4(m) provides:

> **Time Limit for Service.**  If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) **does not apply to service in a foreign county** under Rule 4(f) or 4(j)(1)

(emphasis added)

The instant case certainly qualifies under the 'foreign country exception' of Rule 4(m). Nominal Defendant China-Biotics, Inc. ("China-Biotics" or the "Company") is a Delaware corporation and the only domestically located defendant.  The Company was served with the Complaint on November 30, 2010, this fact being stipulated to by counsel for the Company.  *See* Stipulation and Order (ECF No. 3).  The remaining defendants yet to be served with the Complaint are the Individual Defendants, who are all, upon information and belief, residents of the People's Republic of China (the "PRC").  Since the Individual Defendants are residents of the PRC, service of the Complaint must be made in a foreign country, and the 120 day timeframe of Rule 4(m) does not apply.

Moreover, because of the Individual Defendants' foreign residence, counsel for Plaintiff was forced to enlist the services of Legal Language Services ("LLS"), an outside agency

specializing in the service of documents on international parties. (See the executed bid agreement (the "Bid Agreement"), retaining LLS' services, attached hereto as Exhibit "A").  Some of the procedural hurdles involved with service of the Complaint, as noted by LLS in the Bid Agreement, involve: (i) translating the Complaint into Chinese; (ii) completion of various *Hague Convention* request forms ("Hague Requests"); (iii) submission of documentation through the Chinese Central Authority; (iv) reliance on the Chinese Central Authority to properly process served documentation, including the Complaint, as well as the accompanying forms; and (v) potentially having to translate the proof of service from Chinese into English.

In addition to all these procedural hurdles, according to LLS, service of documentation in the local courts of the PRC "[is] frequently subject to protectionist sentiments and local political pressures and that it is not unusual to encounter obstacles in the service of foreign process in China." (See pg. 2 of Exhibit "A").  As of the most recent update from LLS, the Central Authority for China received the four Hague Requests for each of the Individual Defendants on March 31, 2011. (See the correspondence dated April 7, 2011 (the "Update Letter"), attached hereto as Exhibit "B").  In the Update Letter, LLS estimated that an additional "average of 5-8 months" would be necessary before proof of service was returned. *Id*.

Furthermore, beyond the considerations set forth above, the matter should not be dismissed because counsel for China-Biotics has agreed to stay this matter pending service of the Complaint on the Individual Defendants.

## **CONCLUSION**

For the foregoing reasons, this case should not be dismissed.

Respectfully submitted,

   /s/ Mark Hanna
Mark Hanna
District of Columbia Bar No. 471960
Michelle L. Woolley
District of Columbia Bar No. 983455
**MURPHY ANDERSON PLLC**
1701 K Street, NW
Suite 210
Washington, DC 20006
Telephone: (202) 223-2620
Facsimile: (202) 223-8651


**BARROWAY TOPAZ KESSLER**
 **MELTZER & CHECK, LLP**
Eric L. Zagar
Richard H. Kim
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (267) 948-2512

*Attorneys for Plaintiff*

## Certificate of Service

I hereby certify that on the 12th day of May 2011, a true and correct copy of the foregoing will be served via U.S. Mail on the following:

Jonathan L. Greenblatt
Shearman & Sterling LLP
801 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20004
jgreenblatt@shearman.com

Jerome S. Fortinsky
Jeffrey J. Resetarits
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
jfortinsky@shearman.com

*Attorneys for Defendant China-Biotics, Inc.*

                                                             /s/ Mark Hanna
                                                               Mark Hanna